# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| LEONARD P. MACHULAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Case No. CV415-190 |
| CHATHAM COUNTY SUPERIOR COURT, | ) |
| | ) |
| | ) |
| Respondent. | ) |

# **REPORT AND RECOMMENDATION**

Leonard Machulas petitions under 28 U.S.C. § 2241 to have this Court reopen a closed state court divorce proceeding and award him compensation for three days he spent in jail after Chatham County, Georgia Superior Court Judge Perry Brannen found him in contempt of court. Doc. 1 at 9. Preliminary review under the Rules Governing Section 2254 Cases shows his petition must be denied.[1]

---

[1] The Court "may apply any or all of [the 2254 Rules]," including Rule 4, which provides for pre-answer preliminary court review, "to a habeas corpus petition [filed under § 2241]." Rule 1(b) of the Rules Governing Section 2254 Cases; *Dixon v. Barber*, 2016 WL 1237854 at * 1 (N.D. Ga. Mar. 29, 2016) ("Rule 4 of the Rules Governing Section 2254 Cases . . . also applies to Section 2241 actions, as provided in Rule 1(b).").

## I. BACKGROUND

In 2008, Machulas, a 75-year-old Air Force veteran, and his wife divorced. Doc. 3 at 6. The state court's decree required him to provide military "Tri-Care" health insurance to his ex-wife for three years. *Id.* When he failed to do so (Machulas says Tri-Care simply wasn't available for his ex), the state court held him in contempt and ordered him to spend three days in jail. Doc. 2 at 4-5. Machulas served his time in February 2010 and is not currently incarcerated. Doc. 1 at 1. He seeks compensation for the "depriv[ation] of [his] civil rights," and to have this Court "open up [his] case and to guard [him] and protect [him] from them." *Id.* at 9. He "stand[s] alone" and wants "all of [his] open items in dispute" resolved in his favor. *Id.*

## II. ANALYSIS

"The writ of habeas corpus [under § 2241] shall not extend to a *prisoner* unless" he is *custody*, whether for violating federal law or some other reason. 28 U.S.C. § 2241(c) (emphasis added). Consequently:

> [f]ederal courts have jurisdiction to entertain habeas corpus petitions "only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" [*Maleng v.*] *Cook*, 490 U.S. [488,] 490 [1989] . . . (quoting 28 U.S.C. § 2241(c)(3)). We have construed this requirement "very liberally," *Diaz* [*v. Fla. Fourth Judicial Circuit ex rel Duval County*], 683 F.3d

[1261,] 1264 [(11th Cir. 2012)] (quotation omitted), and it is by now well-settled that the "use of habeas corpus [is] not . . . restricted to situations in which the applicant is in actual, physical custody," *Jones v. Cunningham*, 371 U.S. 236, 239, 83 S. Ct. 373, 375, 9 L.Ed.2d 285 (1963). Instead, petitioners need only show that they are subject to a significant restraint on their liberty that is not shared by the general public. *Id.* at 240–43, 83 S. Ct. at 375–77. For example, the Supreme Court has extended habeas review to petitioners released on parole, *id.* at 242–43, 83 S. Ct. at 377, released on their own recognizance pending execution of a sentence, *Hensley v. Mun. Court*, 411 U.S. 345, 351, 93 S. Ct. 1571, 1575, 36 L.Ed.2d 294 (1973), and free on bail, *Lefkowitz v. Newsome*, 420 U.S. 283, 291 & n. 8, 95 S. Ct. 886, 891 & n. 8, 43 L.Ed.2d 196 (1975).

Even in light of this broad interpretation given to the phrase "in custody," the term still requires that the state exercise some control over the petitioner. *See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988) (per curiam). As the Seventh Circuit has explained, "[a]lthough the word 'custody' is elastic, all definitions of it incorporate some concept of ongoing control, restraint, or responsibility by the custodian." *Samirah v. O'Connell*, 335 F.3d 545, 549 (7th Cir. 2003); *see also Cook*, 490 U.S. at 492, 109 S. Ct. at 1926 ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.").

*Howard v. Warden*, 776 F.3d 772, 775-76 (11th Cir. 2015).

Machulas admits that he "served [his] time," doc. 1 at 1, and that no governmental entity currently holds him "in custody." *Id.* This Court thus lacks jurisdiction to address his petition. *Howard*, 776 F.3d at 775.

3

Even if the Court construed his petition as a 42 U.S.C. § 1983 complaint seeking damages for constitutional violations by persons acting under color of state law, it still fails because the only state actors or entities Machulas attacks are judicial officers (the state court judges involved in his divorce) who are absolutely immune from suit. *See Imbler v. Pachtman*, 424 U.S. 409, 419 n. 12 (1976) ("Few doctrines [are] more solidly established . . . than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction.") (quoting *Pierson v. Ray*, 386 U.S. 547, 553 (1967)); *Armstrong v. Andrews*, 2016 WL 1072502 at * 1 (11th Cir. Mar. 18, 2016) ("Judges enjoy absolute immunity for all actions taken in their judicial capacity except when taken in a "clear absence of all jurisdiction. . . . Absolute judicial immunity applies even when [a] judge's acts are in error, malicious, or were in excess of his or her jurisdiction.") (quotes and cites omitted).

## III. CONCLUSION

Accordingly, Leonard Machulas' § 2241 petition should be **DISMISSED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2

4

(S.D. Ga. Feb.9, 2009), the Court discerns no COA–worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1), (2); Rule 11(a) of the Rules Governing Section 2254 Cases ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

Finally, a word of warning: In one form or another, Machulas has been fighting his ex-wife in this Court for years. *See, e.g., Machulas v. Lanier*, CV413-248, doc. 1 (S.D. Ga. Nov. 18, 2013) (alleging an invasion of privacy from his wife's filings in their state court divorce case). His claims invariably have no merit, as this case illustrates so well. Should he continue to lay frivolous claims on this Court's doorstep, filing restrictions will follow. *See Fields v. Savannah Marine Terminal*, 2016 WL 823020 at * 2-3 (S.D. Ga. Feb. 26, 2016).

**SO REPORTED AND RECOMMENDED**, this __14th__ day of April, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA